IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 5:23-CV-261

JULIUS LOCKLEAR, individually, and on behalf of a class of similarly situated individuals,

    Plaintiff,

vs.

NTY FRANCHISE COMPANY, LLC, a Delaware limited liability company; CLOTHES MENTOR, LLC, a Delaware limited liability company, and; VOSCOR, LLC, a North Carolina limited liability Company, d/b/a "Clothes Mentor",

    Defendants.

**NOTICE OF REMOVAL BY ALL DEFENDANTS**

In accordance with 28 U.S.C. §§ 1331, 1441, and 1446, Defendants NTY Franchise Company, LLC, Clothes Mentor, LLC, and Voscor, LLC (collectively "Defendants") hereby remove this action from the Superior Court Division for the State of North Carolina, County of Wake, to the United States District Court for the Eastern District of North Carolina. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p) because Plaintiff's sole cause of action is for violation of the Fair and Accurate Credit Transactions Act ("FACTA"), codified at 15 U.S.C. § 1681, *et seq.,* and arises under federal law. Further, this is an action to enforce liability created under FACTA, which "may be brought in any appropriate United States District court…" 15 U.S.C. § 1681(p).

In support of this Notice of Removal, Defendants respectfully state:

1. On April 5, 2023, Plaintiff Julius Locklear ("Plaintiff") commenced a putative class action in the Superior Court Division, for the State of North Carolina, County of Wake against

1

Defendants, entitled *Julius Locklear v. NTY Franchise Company, LLC, et al.,* Case No. 23CV008283-910 (the "State Court Action"). A copy of the Summons, Class Action Complaint, and all other process, pleadings and orders is attached as Exhibit 1.

2. To date, no other pleadings have been served on Defendants.

## FEDERAL QUESTION JURISDICTION

3. Pursuant to the federal question jurisdiction statute, 28 U.S.C. § 1331, this Court has original subject matter jurisdiction to adjudicate "all civil actions arising under the Constitution, laws, or treaties of the United States." Accordingly, a defendant may remove an action to federal court under 28 U.S.C. § 1441(a) if the plaintiff's complaint presents a federal question, such as a cause of action "arising under" or created by federal law. *See Caterpillar v. Williams,* 482 U.S. 386, 392 (1987).

4. These jurisdictional requirements are easily met here as Plaintiff's sole claim against Defendants arises under FACTA, a federal statute. In his single-count Complaint, Plaintiff alleges that he was provided with a printed credit card receipt containing more than the last five digits of his credit card number, purportedly in violation of FACTA. *(See generally,* Complaint.) Because Plaintiff's Complaint presents a single cause of action created by federal law, the requirements of 28 U.S.C. §§ 1331 and 1441(a) are clearly met and Defendants may properly remove the State Court Action to this Court. Further, FACTA specifically states that actions to enforce liability under its provisions may be brought in United States District Court. 15 U.S.C. § 1681(p).

## THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

5. **Venue**. The United States District Court for the Eastern District of North Carolina embraces the county where the State Court Action was filed, and thus, venue is proper. 28 U.S.C. § 113(a).

6. **Timeliness of Removal**. Defendants were served with the Complaint on April 17, 2023. (*See* Ex. 1.) This Notice of Removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b) because it is filed within thirty (30) days after Defendants were served.

7. **Pleadings and Process**. Under 28 U.S.C. § 1446(a), Defendants are required to attach to this Notice a copy of all process, pleadings, and orders served upon it. Defendants have attached all process, pleadings, and orders to this Notice as Exhibit 1. These documents constitute all documents served upon Defendants in the Superior Court Action.

8. **Signature**. This Notice of Removal is signed by counsel for Defendants pursuant to 28 U.S.C. § 1446(a) and Rule 11 of the Federal Rules of Civil Procedure.

9. **Notice**. As required by 28 U.S.C. § 1446(d), Defendants will file written notice of this removal with the Court Administrator of the Superior Court in the General Court of Justice in Wake County. In addition, copies of the notice to the state court, together with this Notice of Removal, will also be served upon Plaintiff as required by the rules.

10. **Reservation of Rights**. By filing this Notice of Removal, Defendants do not waive any defenses to claims asserted by Plaintiff or concede that Plaintiff has stated any claims upon which relief may be granted. In addition, if any questions arise as to the propriety of the removal of this action, Defendants request the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

WHEREFORE, Defendants hereby remove the State Court Action from the Superior Court Division for the State of North Carolina, Wake County, to this Court, and request that this Court take jurisdiction of this civil action to the exclusion of any further proceedings in the state court.

Dated: May 16, 2023

**WILLIAMS MULLEN**

By: /s/M. Keith Kapp
M. Keith Kapp
301 Fayetteville Street, Suite 1700
Raleigh, NC 27601
Ph: 919-981-4024
kkapp@williamsmullen.com

and

**LATHROP GPM LLP**

Michael R. Gray (MN #175602)
(*pro hac vice forthcoming*)
500 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: 612-632-3078
michael.gray@lathropgpm.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2023, I served the foregoing paper via U.S. District Mail, postage prepaid to:

W. Stacy Miller, II, Esq.
Miller Law Group, PLLC
2424 Glenwood Ave., Suite 201
Raleigh, NC 27608
stacy@millerlawgroupnc.com
Attorney for Plaintiff

                                                  /s/M. Keith Kapp
                                                  M. Keith Kapp

61791334v1