IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-00261-BO

JULIUS LOCKLEAR, individually and on )
behalf of all others similarly situated )
)
Plaintiff, )
)
v. ) ORDER
)
NTY FRANCHISE COMPANY, LLC; )
CLOTHES MENTOR, LLC; and )
VOSCOR, LLC d/b/a CLOTHES MENTOR )
)
Defendants. )

This matter is before the Court on plaintiff Julius Locklear's motion to remand [DE 14] this matter back to Wake County Superior Court. For the following reasons, the Court grants Locklear's motion and remands the action.

## BACKGROUND

In February 2023, Julius Locklear visited a Clothes Mentor location in Raleigh, NC operated by defendant Voscor, LLC. Defendant Clothes Mentor, LLC is a franchise that specializes in the buying and re-selling of women's clothing and accessories. Alongside other brands, it is a franchise in defendant NTY Franchise Company LLC's stable. At the Raleigh Clothes Mentor, Locklear purchased some items using a debit card. In return he received not only the items he paid for but also a receipt generated by a proprietary point of sale system, which NTY mandates its franchisees use. The receipt contained Locklear's full name and the first six and last four digits of his card number.

The receipt caused Locklear to file a suit in Wake County Superior Court on his behalf as well as other customers who received similar receipts from the defendants' point-of-sale system. He alleges that that defendants' receipts violate a provision of the Fair and Accurate Credit Transactions Act of 2003 ("FACTA") that prohibits the printing of "more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." Pub. L. 108-159, § 113 (codified at 15 U.S.C. § 1681c).

Shortly after Locklear filed his class complaint, defendants removed the matter to federal court. [DE 1]. Defendants contend that removal is proper because FACTA presents a federal question within the Court' original jurisdiction. *See* 28 U.S.C. §§ 1331, 1441. Locklear contends that the Court must remand because of a lack of subject matter jurisdiction. Briefing is complete; the Court, in its discretion, declines to hold a hearing. Local Rule 7.1(j). The issue, therefore, is ripe for decision.

## ANALYSIS

That FACTA creates a cause of action within the Court's federal question jurisdiction is not in dispute. Instead, the parties' dispute over subject matter jurisdiction revolves on whether Locklear has a sufficient personal stake in the litigation to invoke jurisdiction for his FACTA claim—or, in other words, standing. *See Warth v. Seldin*, 422 U.S. 490, 498–99 (1975).

Bedrock principles constitutional principles are at work here. Article III restricts this Court's jurisdiction to "Cases" and "Controversies." U.S. Const. art III, § 2. A doctrine rooted in the case or controversy requirement, standing prevents federal courts from exceeding their authority by narrowing the litigants who can maintain lawsuit for redress of legal wrongs. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016). Because standing implicates a federal court's subject matter jurisdiction, *PEM Entities LLC v. County of Franklin*, 57 F.4th 178, 182 (4th Cir. 2023), a

lack of standing means a lack of subject matter jurisdiction. And a lack of subject matter jurisdiction means that a federal court must remand the case back to state court. 28 U.S.C § 1447(c).

"[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Transunion LLC v. Ramirez*, 141 S.Ct. 2190, 2203 (2021). The party invoking federal jurisdiction bears the burden of demonstrating standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 55, 561 (1992).

To this end, jurisdiction here depends on whether defendant has carried its burden of demonstrating that plaintiff suffered a concrete injury in fact from the alleged FACTA violation. When a statute creates a legally protected interest and a plaintiff sues to enforce that interest, there must still be a concrete injury giving rise to Art III standing. *Transunion*, 141 S.Ct. at 2205. By enacting FACTA, Congress created a legally protected interest in digit-truncation. Yet a violation of this interest alone isn't enough to establish standing because "a FACTA digit-truncation violation isn't a concrete injury unless it creates a nonspeculative risk of identity theft." *O'Leary v. TrustedID, Inc.*, 60 F.4th 240, 243 (4th Cir. 2023). This makes sense. Congress passed FACTA to prevent identify theft which does not automatically occur when a receipt with too many digits is printed. *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917 (11th Cir. 2020) (en banc); *see also Kamal v. J Crew Group, Inc.*, 918 F.3d 101, 115–16 (3rd Cir. 2019) (reasoning that the "FACTA provision at issue was part of Congress's effort to prevent the concrete harm of identity theft" to conclude that the risk of harm from a digit truncation violation was not sufficiently concrete for Art III). To establish the constitutionally required component, defendant has to point

3

some harm from the digit truncation violation that is sufficiently concrete to establish an injury in fact.

Here, defendants do not point to allegations that demonstrate that the printing of the first six and last four digits of plaintiff's debit card worked a concrete injury in fact through a non-speculative risk of identity theft. Instead, they argue that the complaint is replete with allegations of other concrete injuries in fact that establish standing. Their approach is problematic. To begin with, much of the alleged harm relates to actions taken in response to the speculation of harm not actual harm. Standing cannot be manufactured by inflicting harm on oneself based on fears of unmaterialized, hypothetical future harms. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013). Defendant claims that plaintiff suffered a concrete injury when he was forced to take remedial measures, including expending resources to secure the receipt and losing the opportunity to make refund or exchange in the process. But these "harms" are not concrete injuries in fact because they are self-inflicted harms inextricably linked to the absence of material risk of identity theft. *See McCloud v. Save-A-Lot Knoxville, LLC*, 388 F.Supp.3d 954, 968–69 (E.D. Tenn. 2019) (rejecting theory of harm tied to lack of material risk of identity theft); *See also Heuer v. Smithsonian Inst.*, 619 F.Supp.3d 202, 211–12 (D.D.C. 2022) (same).

In a similar vein, defendant claims that plaintiff suffered further economic harm because he purchased goods whose price reflected the costs of securing customer's financial information. Call it a "benefit of the bargain" theory of standing. Putting legal conclusions to the side, it is difficult to see how the plaintiff lost any value of the items he purchased. Again, the risk of identity theft is purely speculative. What is more, FACTA provides a legally protected interest in digit truncation to prevent identity theft. Defendants offer no support for the proposition that FACTA also protects an interest in receiving the full value in a consumer transaction when identity theft

4

involved. Defendants' theory of harm puts the cart before the horse. There's no need to determine whether a concrete injury in fact occurred when the allegations fail to establish that the statute creates a legally protected interest. *See Heuer*, 619 F.Supp.3d at 211 (rejecting theory of harm where defendant's conduct was "not material to the concrete interest FACTA seeks to protect or the concrete harm it seeks to prevent"). As a result, defendants have failed to establish that their "benefit of the bargain" theory of harm works a concrete injury that gives plaintiff standing to pursue his FACTA claim.

Undeterred, Defendants point to the D.C. Circuit's decision in *Jeffries v. Volume Services America, Inc.*, 928 F.3d 1059 (D.C. Cir. 2019), for the proposition that allegations of harm from a violation of the truncation requirement are sufficiently analogous to the harm in traditional torts to sufficient to establish a concrete injury in fact. On the one hand, defendants are right to turn to historical practice. When looking for a concrete injury in fact, courts are instructed "to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally be regarded as providing the basis for a lawsuit" *Spokeo*, 136 S.Ct. at 1549.

On the other hand, the harms alleged here are not analogous to traditional harms. The weight of authority persuades the Court that the common thread between the harms in traditional torts and a digit truncation violation that works a concrete injury is a disclosure to a third party or the existence of a confidential relationship. *See Kamal*, 918 F.3d at 114 ("[A]bsent disclosure to a third party, [plaintiff's] injury is unlike the harms recognized by traditional cause of action."); *Muransky*, 979 F.3d at 932 (harms not analogous where "non information as disclosed" and "no confidential relationship existed); *Thomas v. TOMS King (Ohio), LLC*, 997 F.3d 629, 640–41 (6th Cir. 2021) (agreeing with reasoning in *Kamal* and *Muransky* and concluding that "there is no injury here because the receipt was not disclosed to a third party."); *McCloud*, 388 F.Supp.3d at 968;

5

*Barrientos v. Williams-Sonoma, Inc.*, No. 21-cv-05160, 2023 WL 5720855, at *7–10 (N.D. Ill. Sept. 1, 2023) (harms not analogous where no disclosure of receipt to third party and no legal relationship between customer and cashier).

The relationship between the harms falters in the absence of a legal relationship or alleged disclosure to a third party. Even in *Jeffries*, the D.C. Circuit concluded that the risk of harm from identity theft there—sufficiently analogous to traditional harm because of actual disclosure to a third party—established standing because of a digit truncation violation so "egregious" that it created an "injury in fact" at the point of sale. 928 F.3d 1064–67. So even if violation of the truncation requirement combined with a disclosure to a third party bears a relationship to traditional harms, which the Court need not decide, such a conclusion would not lead to a concrete injury here: the complaint contains neither allegations of actual disclosure to third parties nor allegations that signal a nonspeculative risk of identity theft.

In brief, plaintiff's claim relies entirely on a statutory violation without a concrete injury much less one that closely relates to a traditional analog. The Court thus lacks subject matter jurisdiction over plaintiff's FACTA claim. *See O'Leary*, 60 F.4th at 245–46.

In a final attempt to remain in federal court, defendants switch tactics. Abandoning standing, they argue that the Court has subject matter jurisdiction because they plan on raising a federal question in the form of an as-applied constitutional challenge to FACTA. When determining whether a federal question exists, an axiom—the well-pleaded complaint rule—limits federal court to "the plaintiff's statement of his own claim . . . unaided by anything alleged in anticipation or avoidance of defense which it is though the defendant may interpose." *King v. Marriott Int'l. Inc.*, 337 F.3d 421, 424 (4th Cir. 2003) (quoting *Taylor v. Anderson*, 233 U.S. 74 (1918). A corollary is that a federal defense is insufficient to establish original jurisdiction. *See,*

*e.g., Franchise Tax Bd. of California v. Constr. Laborer's Vacation Trust*, 463 U.S. 1, 14 (1983). ("[Since 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense."). The defendants are free to raise their anticipated defense in state court but they may not raise it here.

## CONCLUSION

For these reasons, the Court GRANTS plaintiff's motion to remand [DE 14] and REMANDS this action to Wake County Superior Court.

SO ORDERED, this __18__ day of October 2023.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

7

Case 5:23-cv-00261-BO-RJ   Document 19   Filed 10/23/23   Page 7 of 7